# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GUEVARRA MACALMA,<br><br>                     Petitioner,<br>    vs.<br>MICHAEL CHERTOFF, Secretary of Homeland Security, et.al. ,<br><br>                    Respondents. | CASE NO. 06CV2623 WQH (AJB)<br><br>ORDER |

Hayes, Judge:

The matter before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Paul Guevarra Macalma. (Doc. # 1.)

## BACKGROUND

Petitioner Paul Guevarra Macalma is a native and citizen of the Philippines. Petitioner was born in Manila on April 24, 1981. Petitioner's father Benjamin Macalma left the Philippines and was admitted to the United States as a lawful permanent resident on December 31, 1981. Benjamin Macalma became a United States citizen by naturalization on June 18, 1993.

On November 16, 1996, Petitioner entered the United States as a lawful permanent resident.

On September 20, 2000, Petitioner was convicted in California state court of receiving stolen property in violation of California Penal Code §496(a) and "sentenced to three years of probation which was formally revoked on September 16, 2003." (Government's Return, Doc. # 6 at 3.)

1   On November 20, 2003, the Department of Homeland Security took custody of Petitioner and placed him in removal proceedings. Based upon his September 20, 2000 conviction for receiving stolen property, Petitioner was charged with deportability under Section 237(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed. In the hearing before the Immigration Judge, Petitioner claimed United States citizenship by acquisition through his naturalized father.

On March 10, 2004, the Immigration Judge found that Petitioner was not a citizen and ordered him removed to the Philippines. Petitioner filed an appeal to the Board of Immigration Appeals.

On October 22, 2004, the Board of Immigration Appeals upheld the decision of the Immigration Judge that Petitioner had not derived citizenship through his father under former section 321 of the Immigration and Naturalization Act, 8 U.S.C. § 1432(a).

On November 16, 2004, Petitioner filed a Petition for Review in the Court of Appeals for the Ninth Circuit along with a motion to stay deportation pending resolution of the appeal. *Macalma v. Gonzales*, No. 04-75821.

On June 14, 2005, Respondents filed a statement of non-opposition to the motion for stay of removal.

On August 5, 2005, the Court of Appeals filed an order which appears in the docket in part as follows: "respondent has filed a statement of non-opp to mtn for stay of removal; temporary stay of removal continues in effect until the issuance of the mdt or further order of the ct." (Docket # 6, Exhibit 12 at 5.)

On February 27, 2006, Petitioner filed his opening brief in the Court of Appeals along with a motion for appointment of counsel.

On March 21, 2006, the Court of Appeals denied the motion for appointment of counsel and ordered Respondents to file an answering brief within 30 days.

On June 5, 2006, Respondents filed a motion to remand to the Board of Immigration Appeals for reconsideration of the February 28, 2005 determination that Petitioner had not

1  derived citizenship through his father under former section 321 of the Immigration and
2  Naturalization Act, 8 U.S.C. § 1432(a). Respondents requested that the Court of Appeals
3  remand the case to the Board "so that it can review this case in light of the Court's decision
4  in *Minaysan [v. Gonzales*, 401 F.3d 1069 (9th Cir. 2005)]." (Doc. #6, Exhibit 16 at 2.)

5  On August 23, 2006, the Court of Appeals entered an order which appears on the docket
6  in part as follows: "unless an opp to the mtn [to remand] is filed within 14 days of this order,
7  the mtn will be granted." (Doc. # 6, Exhibit 14 at 7.)

8  On September 22, 2006, the Court of Appeals granted Respondents' "unopposed"
9  motion to remand and stated "the parties are deemed to have agreed that the court's remand
10 order shall stay petitioner's removal." (Doc. # 6, Exhibit 14 at 7.)

11 On November 28, 2006, Petitioner filed the Petition for Writ of Habeas Corpus now
12 pending before this Court. (Doc. # 1.)

13 On December 7, 2006, this Court filed an Order to Show Cause why the Petition should
14 not be granted ordering the Respondents to file a written return no later than December 29,
15 2006. (Doc. # 2.)

16 On January 23, 2007, this Court filed a Second Order to Show Cause upon
17 Respondents' failure to comply with the Court's order filed on December 7, 2006. This Court
18 ordered Respondents to file a written return no later than January 31, 2007. (Doc. # 3.)

19 On January 30, 2007, Respondents filed a Response to the Second Order to Show Cause
20 stating that the Petition had not been served upon Respondents; that the Order to Show Cause
21 filed on December 7, 2006 had not been received by Counsel for Respondents; and that the
22 Second Order to Cause was received on January 29, 2007. Respondents requested and the
23 Court allowed additional time to file a return. (Docs. # 4 and 5.)

24 On March 5, 2006, Respondents filed a Return in Opposition to the Petition for Writ
25 of Habeas Corpus. (Doc. # 6.)

26 On March 9, 2007, the Board of Immigration Appeals issued a ruling "once again
27 dismiss[ing] the appeal. (Doc. # 13, Exhibit 25 at 2.) The Board of Immigration Appeals
28 considered "*Minasyan* to be materially distinguishable from the present case for a number of

reasons." (*Id.*)  The Board concluded that Petitioner had not met his burden of proving that he derived United States citizenship through either of his parents. (*Id.* at 3.)

On March 12, 2007, the American Civil Liberties Union filed a motion for leave to file a brief as *Amicus Curiae* which was granted by this Court. (Docs. # 7 and 10.)

On March 19, 2007, Petitioner filed a motion to reopen before the Board of Immigration Appeals.

On April 18, 2007, Respondents filed the Government's Opposition to *Amicus Curiae* Brief. (Doc. # 13).

On May 11, 2007, the American Civil Liberties Union filed a Reply to the Government's Opposition Brief. (Doc. # 16).

On May 3, 2007, Petitioner filed a Traverse. (Doc # 15.)

## CONTENTIONS OF THE PARTIES

Petitioner contends that he is entitled to release from the custody of Respondents under appropriate conditions of supervision. Petitioner contends the case law supports the exercise of discretion in releasing deportees during the pendency of colorable challenges to the proceedings underlying their removal. Petitioner requests that the Court order Respondents to release him from custody under appropriate conditions of supervision.

The *Amicus Curiae* Brief in Support of the Petitioner's Writ of Habeas Corpus contends that the Petitioner's prolonged detention is contrary to the immigration laws and the United States Constitution for the following three reasons: 1) there is no statute which authorizes Petitioner's prolonged detention of more than three years, 2) the immigration statutes and due process require that Petitioner be afforded a hearing to determine whether his detention is justified, and 3) the sheer length of Petitioner's detention violates the Due Process Clause of the United States Constitution. The *Amicus Curiae* Brief asserts that Petitioner's detention under 8 U.S.C. §1226(c)(1)(C) was not authorized at any time because he was sentenced to three years of probation and was not sentenced to at least one year imprisonment as required pursuant to Section 1226(c)(1)(C). Even if Section 1226(c) applies, the *Amicus Curiae* Brief asserts that this case is not distinguishable in any meaningful way from the case of *Tijani v.*

*Willis*, 430 F.3d 1241 (9th Cir. 2005) in which the Court of Appeals concluded that detention of two years and eight months was not within the authority conferred by Section 1226(c). The *Amicus Curiae* Brief requests that the Court grant the Writ of Habeas Corpus and order Petitioner's immediate release under reasonable conditions of supervision, or, in the alternative, order the Respondents to hold a constitutionally adequate hearing before an immigration judge to determine whether the continued detention is justified.

Respondents contend that the Petition should be denied on the grounds that detention pending the completion of removal proceedings is mandatory for certain aliens who have committed specific criminal offenses. Respondents contend that Section 1226(c)(1)(C) mandates detention for Petitioner because he has been convicted of committing a crime involving moral turpitude and sentenced to at least one year of imprisonment. Respondents contend that there have been no inordinate delays in the administrative proceedings before the Immigration Judge and the Board of Immigration Appeals. Respondents contend that the *Tijani* case applies only to cases involving prolonged administrative removal proceedings and is not applicable to judicial delay. Respondents contend that Petitioner has the ability to prosecute his appeal from his home country and that he chose instead to pursue his claim through judicial review from within the United States making his detention voluntary. Respondents do not address the assertion that Section 1226(c) does not apply to Petitioner because he was not sentenced to at least one year imprisonment.

## DISCUSSION

Petitioner has been in the custody of the Secretary of the Department of Homeland Security and the Attorney General since November 20, 2003 pursuant to the authority conferred under 8 U.S.C. § 1226(c)(1)(C). Petitioner was ordered removed on March 10, 2004 and this order of removal has been stayed by order of the Court of Appeals up to the present time. This Court has jurisdiction under 28 U.S.C. § 2241 to determine a challenge to confinement on statutory and constitutional grounds which do not involve final orders of removal. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006). The final order of removal in this case has been stayed by the Court of Appeals and the resolution of the

1  challenge to confinement does not involve a final order of removal.

2  Under Section 1226(a), an alien charged with removability may, upon a warrant, be
3  arrested and detained pending removal proceedings. Such an alien may, in the discretion of
4  the Attorney General (now the Secretary of Homeland Security), be released on bond or on
5  conditional parole, pending the completion of the removal proceedings, unless the alien falls
6  within the categories of aliens described in Section 1226(c).

7  Petitioner is charged with being subject to removal pursuant to 8 U.S.C.
8  §1227(a)(2)(A)(i) which provides for the deportation of a lawfully admitted alien who is
9  convicted of a crime involving moral turpitude committed within five years after the date of
10 admission and "is convicted of a crime for which a sentence of one year or longer may be
11 imposed." Section 1227(a)(2)(A)(i)(II). Petitioner is held under the detention provisions of
12 8 U.S.C. § 1226(c)(1)(C) which provides that "the Attorney General shall take into custody
13 an alien who - is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an
14 offense for which the alien has been sentenced to a term of imprisonment of at least 1 year."
15 The documents submitted in this case do not establish that Petitioner has been "sentenced to
16 a term of imprisonment of at least 1 year." 8 U.S.C. § 1226(c)(1)(C). Respondent has not
17 established that 8 U.S.C. § 1226(c)(1)(C) authorizes the mandatory detention of the Petitioner.
18 Based upon the record in this case, Petitioner is entitled to a release hearing pursuant to the
19 provisions of 8 U.S.C. § 1226(a).

20 IT IS HEREBY ORDERED that the Petition for Habeas Corpus is granted as follows:
21 Respondents shall provide a release hearing to Petitioner pursuant to the provisions of 8 U.S.C.
22 § 1226(a) within 10 days of the date of this order. The Court appoints the Federal Defender
23 as counsel for Petitioner for the sole purpose of representation in this habeas action.
24 Respondents shall file a status report in this case within 20 days of the date of this order. This
25 case will remain open pending further order of this Court.

26 DATED: May 22, 2007

27

*William Q. Hayes*
28 **WILLIAM Q. HAYES**
United States District Judge