# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GUEVARRA MACALMA, <br><br> Petitioner, <br> vs. <br> MICHAEL CHERTOFF, Secretary of Homeland Security, et.al. , <br><br> Respondents. | CASE NO. 06CV2623 WQH (AJB) <br><br> ORDER |

Hayes, Judge:

The matter before the Court is the Petitioner's Motion for an order 1) that the government dismiss its appeal before the BIA; 2) that the Court modify its May 22, 2007 order pursuant to *Tijani*; and 3) for injunctive relief preventing the government from re-detaining petitioner without the benefit of a hearing. (Doc. # 24.)

## BACKGROUND

Petitioner Paul Guevarra Macalma is a native and citizen of the Philippines. Macalma was born in Manila on April 24, 1981. Macalma's father Benjamin Macalma left the Philippines and was admitted to the United States as a lawful permanent resident on December 31, 1981. Benjamin Macalma became a United States citizen by naturalization on June 18, 1993.

On November 16, 1996, Macalma entered the United States as a lawful permanent resident.

On November 20, 2003, the Department of Homeland Security took custody of Macalma and placed him in removal proceedings. Macalma was charged with deportability

under Section 237(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed. In the hearing before the Immigration Judge, Macalma claimed United States citizenship by acquisition through his naturalized father.

On March 10, 2004, the Immigration Judge found that Macalma was not a citizen and ordered him removed to the Philippines. Macalma filed an appeal to the Board of Immigration Appeals.

On October 22, 2004, the Board of Immigration Appeals upheld the decision of the Immigration Judge that Macalma had not derived citizenship through his father under former section 321 of the Immigration and Naturalization Act, 8 U.S.C. § 1432(a).

On November 16, 2004, Macalma filed a Petition for Review in the Court of Appeals for the Ninth Circuit along with a motion to stay deportation pending resolution of the appeal. *Macalma v. Gonzales*, No. 04-75821.

On June 14, 2005, Respondents filed a statement of non-opposition to the motion for stay of removal.

On August 5, 2005, the Court of Appeals filed an order which appears in the docket in part as follows: "respondent has filed a statement of non-opp to mtn for stay of removal; temporary stay of removal continues in effect until the issuance of the mdt or further order of the ct." (Docket # 6, Exhibit 12 at 5.)

On June 5, 2006, Respondents filed a motion to remand to the Board of Immigration Appeals for reconsideration of the determination that Macalma had not derived citizenship through his father under former section 321 of the Immigration and Naturalization Act, 8 U.S.C. § 1432(a). Respondents requested that the Court of Appeals remand the case to the Board "so that it can review this case in light of the Court's decision in *Minaysan [v. Gonzales*, 401 F.3d 1069 (9th Cir. 2005)]." (Doc. #6, Exhibit 16 at 2.)

On August 23, 2006, the Court of Appeals entered an order which appears on the docket in part as follows: "unless an opp to the mtn [to remand] is filed within 14 days of this order, the mtn will be granted." (Doc. # 6, Exhibit 14 at 7.)

On September 22, 2006, the Court of Appeals granted Respondents' "unopposed" motion to remand and stated "the parties are deemed to have agreed that the court's remand order shall stay petitioner's removal." (Doc. # 6, Exhibit 14 at 7.)

On November 28, 2006, Macalma filed the Petition for Writ of Habeas Corpus. (Doc. # 1.) Macalma asserted that he was entitled to release from the custody of Respondents under appropriate conditions of supervision. Macalma argued that his prolonged detention was contrary to the immigration laws and the United States Constitution. Macalma asserted that 1) there was no statute which authorized his detention of more than three years, 2) the immigration statutes and due process required that a hearing should be held to determine whether his continued detention was justified, and 3) the sheer length of his detention violated the Due Process Clause of the United States Constitution. Macalma asserted that his detention under 8 U.S.C. §1226(c)(1)(C) was not authorized at any time because he was sentenced on his 2000 conviction for receipt of stolen property to three years of probation and was not sentenced to at least one year imprisonment as required pursuant to Section 1226(c)(1)(C). Even if Section 1226(c) applied, Macalma asserted that his case is not distinguishable in any meaningful way from the case of *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005) in which the Court of Appeals concluded that detention of two years and eight months was not within the authority conferred by Section 1226(c).

On December 7, 2006, this Court filed an Order to Show Cause why the Petition should not be granted ordering the Respondents to file a written return. (Doc. # 2.)

On March 5, 2006, Respondents filed a Return in Opposition to the Petition for Writ of Habeas Corpus. (Doc. # 6.) Respondents asserted that Section 1226(c)(1)(C) mandated detention for Macalma because he has been convicted of committing a crime involving moral turpitude and sentenced to at least one year of imprisonment. Respondents asserted that the *Tijani* case applied only to cases involving prolonged administrative removal proceedings and is not applicable to judicial delay. Respondents asserted that Macalma has the ability to prosecute his appeal from his home country and that he chose instead to pursue his claim through judicial review from within the United States making his detention voluntary.

On March 9, 2007, the Board of Immigration Appeals issued a ruling "once again dismiss[ing] the appeal. (Doc. # 13, Exhibit 25 at 2.) The Board of Immigration Appeals considered "*Minasyan* to be materially distinguishable from the present case for a number of reasons." (*Id*.) The Board concluded that Macalma had not met his burden of proving that he derived United States citizenship through either of his parents. (*Id.* at 3.)

On May 22, 2007, this Court filed an order stating in part:

> Petitioner is held under the detention provisions of 8 U.S.C. § 1226(c)(1)(C) which provides that "the Attorney General shall take into custody an alien who - is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year." The documents submitted in this case do not establish that Petitioner has been "sentenced to a term of imprisonment of at least 1 year." 8 U.S.C. § 1226(c)(1)(C). Respondent has not established that 8 U.S.C. § 1226(c)(1)(C) authorizes the mandatory detention of the Petitioner. Based upon the record in this case, Petitioner is entitled to a release hearing pursuant to the provisions of 8 U.S.C. § 1226(a).
> IT IS HEREBY ORDERED that the Petition for Habeas Corpus is granted as follows: Respondents shall provide a release hearing to Petitioner pursuant to the provisions of 8 U.S.C. § 1226(a) within 10 days of the date of this order. The Court appoints the Federal Defender as counsel for Petitioner for the sole purpose of representation in this habeas action. Respondents shall file a status report in this case within 20 days of the date of this order. This case will remain open pending further order of this Court.

(Doc. #19 at 6.) The only evidence submitted in the record by Respondents showed that "On September 20, 2000, Petitioner was convicted in California state court of receiving stolen property in violation of California Penal Code §496(a) and "sentenced to three years of probation which was formally revoked on September 16, 2003." (*Id*. at 1.)

On May 29, 2007, the Board of Immigration Appeals reopened Macalma's immigration proceedings and remanded proceedings to the immigration court.

On May 29, 2007, the Immigration Judge held a release hearing. The Immigration Judge informed counsel for the Macalma that "the District Court appeared to be unaware that the basis for the Court's mandatory custody finding of January 9, 2004 was premised upon the representations . . . that [Macalma] was convicted for possession of drug paraphernalia in 2003." (Doc. # 27, Exhibit at 5.) The release hearing was continued to June 6, 2007 to allow briefing by the parties.

At the June 6, 2007 hearing, the Immigration Judge reviewed the following facts :1)

that on January 9, 2004 a determination was made at a bond hearing for Macalma that his drug related conviction [January 28, 2003 in San Diego Superior Court for Possession of Drug Paraphernalia in violation of California Health and Safety Code Section 11364] qualified as a deportable offense relating to a controlled substance resulting in the mandatory custody provisions of 8 U.S.C. § 1226(c)(1)(B); 2) that on January 23, 2004, the Immigration Judge found that Macalma qualified for "automatic citizenship" pursuant to the provisions of 8 U.S.C. § 1432 terminating the removal proceedings; and 3) that on February 6, 2004, the Immigration Judge vacated the order terminating the removal proceedings finding that Macalma failed to qualify for citizenship resulting in the order of removal. The Immigration Judge advised the parties that Macalma's "September 29, 2000 conviction for receiving stolen property was not the basis for a finding of mandatory custody pursuant to Section 236(c) of the Act; 8 U.S.C. 1226(c)." The Immigration Judge explained that it was [Macalma's] "2003 conviction for possession of drug paraphernalia that triggered the mandatory custody provisions of Section 236(c)(1)(B) of the Act; 8 U.S.C. 1226(c)(1)(B)." (Doc. # 27, Exhibit at 5.) The Immigration Judge concluded that "the mandatory custody order of January 9, 2004 was legally sufficient when entered and was sufficient to hold [Macalma] during the pendency of removal proceedings. . . . however, in light of [Macalma's] prolonged period of detention in excess of three years and seven months, valid issues relevant to the continuing applicability of the mandatory custody provisions . . . have been raised." (*Id.* at 6.) The Immigration Judge reviewed the court decisions in *Demore v. Kim*, 538 U.S. 510 ( 2003) and *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005) and entered the following findings and conclusions:

> [Macalma] has been incarcerated for more than 3 years and 7 months. The delays in [Macalma's] case have not been caused by [Macalma's] efforts to engage in tactics that are intended to stall a determination of issues relevant to his removal from the United States. Without addressing this Court's assessment of [Macalma's] success in challenging his removal, [Macalma] has raised substantial issues against his removal that have been adjudicated by this Court and the Board of Immigration Appeals. A final determination of [Macalma's] removal case has been delayed at no fault of [Macalma]. A number of jurisdictional errors were triggered when The Board failed to enter DHS's February 20, 2004 appeal into its electronic docketing system. It appears that DHS then failed to withdraw that appeal once the Court had granted DHS counsel's motion to reconsider on March 10, 2004.
>
> [Macalma's] case has been returned to this Court for the entry of a new decision

> on the merits of [Macalma's] derivative claim. That determination will include evidence [Macalma] has produced for the first time on appeal as well as an analysis of [Macalma's] claim in light of the Ninth Circuit's holding in *Minasyan v. Gonzales*, 401 F.3d 1069 (9th Cir. 2005). Assuming the Court expects to complete [Macalma's] removal proceedings within 90 days, an adverse decision on [Macalma's] derivative citizenship claim preserves [Macalma's] right to administrative and judicial review of any removal order. Were [Macalma] to pursue all legal remedies, his case would not be completed within the next year.
>
> Under these circumstances, the Court finds that [Macalma's] continued detention is unjustified and unreasonable. Due Process required that [Macalma] be provided this custody review hearing where [Macalma] is entitled to a determination regarding the amenability for release. For purposes of making such a determination DHS is required to provide evidence that [Macalma] is a flight risk or a danger to the community.

(Doc. #27 Exhibit at 8.) The Immigration Judge concluded that Macalma is not a flight risk and that Macalma's crimes "are not so serious that the Court can find that [he] is a danger to the community and will continue to commit crimes if released on bond." The Immigration Judge "ORDERED that [Macalma] is hereby released from the custody of the Department of Homeland Security upon the posting of a $7,000 bond." (*Id.* at 9.)

Respondent filed an appeal from the June 6, 2007 decision of the Immigration Judge to the Bureau of Immigration Appeals in which Respondents assert that Macalma is subject to mandatory detention and that the Immigration Judge relied upon *Tijani* in error. (Doc. # 24 Exhibit A.)

On June 6, 2007, the Respondents filed a "Government's Court-Ordered Status Report" in this case which stated in part:

> ...it is the Government's position that this Court's May 22, 2007 Order governed only the application of the mandatory detention provisions of 8 U.S.C. § 1226(c) vis-a-vis Macalma's 2000 conviction and that it has complied with the Court's May 22, 2007 Order. DHS may pursue its appeal of Judge De Paolo's bond decision insofar as it concerns the application of Macalma's 2003 conviction, and DHS has authority to change Macalma's current bond conditions given a change in circumstances that warrant such a change. Furthermore, if a final removal order is issued against Macalma, DHS (sic) will be taken into custody for the purpose of executing the removal order.

(Doc. # 22 at 4.)

On June 27, 2007, Macalma filed the motions now pending before this Court "for the Court to : (1) order the Government to dismiss its appeal before the BIA as non-compliant with this Court's May 22, 2007 order; (2) modify this Court's May 22, 2007 order releasing

Petitioner pursuant to *Tijani*, the Immigration Judge's findings, and bond; and (3) order injunctive relief preventing the Government from re-detaining Petitioner without the benefit of a hearing." (Document # 24.)

On July 6, 2007, Respondent filed a response to Macalma's motions. Respondents assert that Macalma's motions are moot on the grounds that the relief requested has been granted. Respondents contend that the Court should do no more than enter an order that Macalma shall have thirty days to renew his habeas proceeding in the event that Respondents prevails in their appeal of the order of the Immigration Judge and the BIA concludes that Macalma is subject to mandatory detention.

On July 12, 2007, this Court held a hearing on Macalma's pending motions.

## CONTENTIONS OF THE PARTIES

Macalma contends that the Respondents have waived the factual position that he is subject to mandatory detention based upon the alleged conviction in 2003 for simple possession of paraphernalia. Macalma contends that the issue of mandatory detention was fully briefed by the parties prior to the May 22, 2007 order of this Court and the Respondents chose not to argue that the alleged 2003 possession conviction was a predicate offense to mandatory detention. Macalma contends that the Respondents are collaterally estopped from arguing that mandatory detention applies to him in a different forum because this issue was litigated before this Court and found in his favor. Macalma contends that the law of the case and the interests of justice require the Court to order the Respondents to dismiss their BIA appeal of the Immigration Judge's order releasing him. Even if collateral estoppel does not preclude the Respondents from asserting that the 2003 alleged possession of paraphernalia conviction requires mandatory detention, Macalma contends that the Respondents cannot and did not establish that the alleged violation of Cal H&S Code §11364 is an offense subject to mandatory detention under Section 1226(c)(1)(B). Macalma contends that the alleged violation of Cal H&S Code §11364 does not qualify under the categorical approach or the modified categorical approach as an offense "relating to a controlled substance" as provided in Section 1227(a)(2)(B)(i).

1   Macalma further contends that his case is not distinguishable from *Tijani v. Willis* and
2   that this Court should modify its prior order and order his release pursuant to *Tijani*. Macalma
3   further seeks injunctive relief based upon the Respondent's position that they will redetain him
4   if the BIA reverses the Immigration Judge's order releasing him upon the posting of bond.

5   Respondents assert that it would be premature for this Court to expand its prior order
6   to grant the relief requested at this stage in the proceedings because Macalma has prevailed
7   before the Immigration Judge. Respondents contend that Macalma's current custody is not in
8   dispute because the Immigration Judge has conducted a release hearing and ordered
9   Macalma's release upon the posting of bond. Respondents contend that their bond appeal is
10  not inconsistent with this Court's prior order because this Court ruled that Macalma's 2000
11  conviction did not trigger mandatory detention. Respondents contend that it is premature for
12  this Court to decide whether *Tijani* applies because the Immigration Judge ruled in Macalma's
13  favor and applied the *Tijani* case law. Respondents concede that the Court should order that
14  "if the Government prevails before the BIA on the issue of whether Petitioner may and must
15  be detained (namely a ruling that Tijani does not apply and that Petitioner is subject to
16  mandatory detention on the basis of his 2003 conviction), Petitioner shall have thirty days from
17  the date of the BIA's order to renew these habeas proceedings on such issue or issues and that
18  ICE shall not take Petitioner into custody pending such thirty days and/or renewed habeas
19  proceedings." (Doc. # 27 at 7.)

## CONCLUSION

21  The writ of habeas corpus is available to review the legality of Executive detention. *See*
22  *I.N. S. v. Cyr.*, 533 U.S. 304, 305 (2001). Under 28 U.S.C. § 2241, federal judges may grant
23  the writ of habeas corpus on the application of a prisoner held "in custody in violation of the
24  Constitution or the laws or treaties of the United States." Under 28 U.S.C. § 2243, the federal
25  judge "entertaining the an application for writ of habeas corpus shall *forthwith* award the writ
26  or issue an order directing the respondent to show cause why the writ should not be granted,
27  unless it appears from the application that the applicant or person detained is not entitled
28  thereto." The writ of habeas corpus is intended to be a "swift and imperative remedy in all

cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400, 83 S.Ct. 822, 828 (1963).

On December 7, 2006, this Court filed an Order to Show Cause why the Petition of Writ of Habeas Corpus should not be granted ordering the Respondents to file a written return no later than December 29, 2006. (Doc. # 2.) This Order to Show Cause required Respondents to file "a memorandum of law and fact fully stating Respondents' position." *Id*. Respondents filed a return and did not assert that Macalma was subject to mandatory detention based upon the alleged conviction in 2003 for possession of paraphernalia. Pleadings filed on behalf of Macalma specifically raised the issue that his 2000 conviction did not meet the qualification for mandatory detention because he had not been sentenced to at least one year imprisonment. Respondents failed to address this issue specifically raised by Macalma and failed to establish in the record that Macalma was subject to mandatory detention. Respondents were required to come forward with facts and law to support Macalma's continued detention and failed to present any evidence of or argument regarding the alleged conviction in 2003 for possession of paraphernalia. As a result, the order of this Court filed on May 22, 2007 did not take into account the alleged 2003 conviction for possession of paraphernalia.

The order of this Court filed on May 22, 2007 required Respondents to provide a release hearing to Macalma. Pursuant to the order of this Court, a release hearing was held before an Immigration Judge and the Immigration Judge ordered Macalma's release upon the posting of bond. Macalma does not challenge the order of the Immigration Judge releasing him upon the posting of bond in this proceeding. Since Macalma has been ordered released upon bond, this Court is not required at this stage in the proceedings to decide whether Respondent's failure present any evidence of or argument regarding the alleged conviction in 2003 for possession of paraphernalia should preclude the Respondents from relying on this conviction as a basis for mandatory detention in this case. Macalma was afforded the relief ordered by this Court, the Immigration Judge applied *Tijani* and ordered Macalma released upon the posting of bond which has not been challenged in the immigration proceeding or in this proceeding. It would be premature for this Court to enter a further order based upon what may happen in the appeal

1  to the Bureau of Immigration Appeals. The Court will order that Petitioner shall have thirty
2  days from the date of the BIA's order to renew these habeas proceedings if the BIA orders that
3  Petitioner must be detained, and that Immigration and Customs Enforcement shall not take
4  Petitioner into custody pending such thirty days or further order of this Court. Under the
5  unique facts of this case, the Court concludes that this habeas proceedings will remain open
6  and that Macalma should be afforded the opportunity to renew these habeas proceedings prior
7  to any revocation of the order releasing him upon the posting of bond. The parties shall file a
8  status report no later than August 20, 2007.

9      IT IS HEREBY ORDERED that Petitioner's Motion (Doc. # 24.) for an order 1) that
10 the government dismiss its appeal before the BIA is denied without prejudice; 2) that the Court
11 modify its May 22, 2007 order pursuant to *Tijani* is denied without prejudice; and 3) for
12 injunctive relief preventing the government from re-detaining petitioner without the benefit of
13 a hearing is granted as follows: Petitioner shall have thirty days from the date of the BIA's
14 order to renew these habeas proceedings if the BIA orders that Petitioner must be detained,
15 and Immigration and Customs Enforcement shall not take Petitioner into custody pending such
16 thirty days or further order of this Court.

17 DATED: July 13, 2007

18                                          **WILLIAM Q. HAYES**
19                                          United States District Judge