1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

# SOUTHERN DISTRICT OF CALIFORNIA

7

8   PAUL GUEVARRA MACALMA,                    CASE NO. 06CV2623 WQH (AJB)

9                                Petitioner,   ORDER

         vs.

10  MICHAEL CHERTOFF, Secretary of
    Homeland Security, et.al. ,

11

                          Respondents.

12

Hayes, Judge:

13

        The matter before the Court is the Motion to Order Release of Petitioner Paul Guevarra

14

Macalma under an Order of Supervision.  (Doc. # 35.)

15

## BACKGROUND

16

        On November 20, 2003, the Department of Homeland Security took custody of

17

Petitioner and placed him in removal proceedings.

18

        On March 10, 2004, the Immigration Judge found that Petitioner was not a citizen and

19

ordered him removed to the Philippines.  Petitioner filed an appeal to the Board of Immigration

20

Appeals.

21

        On October 22, 2004, the Board of Immigration Appeals upheld the decision of the

22

Immigration Judge that Petitioner had not derived citizenship through his father under former

23

section 321 of the Immigration and Naturalization Act, 8 U.S.C. § 1432(a).

24

        On November 16, 2004, Petitioner filed a Petition for Review in the Court of Appeals

25

for the  Ninth Circuit along with a motion to stay deportation pending resolution of the appeal.

26

*Macalma v. Gonzales*, No. 04-75821.

27

        On June 14, 2005, Respondents filed a statement of non-opposition to the motion for

28

stay of removal.

On August 5, 2005, the Court of Appeals filed an order which appears in the docket in part as follows: "respondent has filed a statement of non-opp to mtn for stay of removal; temporary stay of removal continues in effect until the issuance of the mdt or further order of the ct." (Docket # 6, Exhibit 12 at 5.)

On February 27, 2006, Petitioner filed his opening brief in the Court of Appeals along with a motion for appointment of counsel.

On March 21, 2006, the Court of Appeals denied the motion for appointment of counsel and ordered Respondents to file an answering brief within 30 days.

On June 5, 2006, Respondents filed a motion to remand to the Board of Immigration Appeals for reconsideration of the determination that Petitioner had not derived citizenship through his father under former section 321 of the Immigration and Naturalization Act, 8 U.S.C. § 1432(a).  Respondents requested that the Court of Appeals remand the case to the Board "so that it can review this case in light of the Court's decision in *Minaysan [v. Gonzales*, 401 F.3d 1069 (9th Cir. 2005)]." (Doc. #6, Exhibit 16 at 2.)

On August 23, 2006, the Court of Appeals entered an order which appears on the docket in part as follows: "unless an opp to the mtn [to remand] is filed within 14 days of this order, the mtn will be granted."  (Doc. # 6, Exhibit 14 at 7.)

On September 22, 2006, the Court of Appeals granted Respondents' "unopposed" motion to remand and stated "the parties are deemed to have agreed that the court's remand order shall stay petitioner's removal." (Doc. # 6, Exhibit 14 at 7.)

On November 28, 2006, Petitioner filed the Petition for Writ of Habeas Corpus. (Doc. # 1.)  Petitioner asserted that he is entitled to release from the custody of Respondents under appropriate conditions of supervision.  Petitioner argued that his prolonged detention is contrary to immigration laws and the United States Constitution.  Petitioner asserted that  1) there is no statute which authorizes his detention of more than three years, 2) the immigration statutes and due process required that a hearing should be held to determine whether his continued detention is justified, and 3) the sheer length of his detention violates the Due Process Clause of the United States Constitution.  Petitioner asserted that his detention under

8 U.S.C. §1226(c)(1)(C) was not authorized at any time because he was sentenced on his 2000 conviction for receipt of stolen property to three years of probation and was not sentenced to at least one year imprisonment as required pursuant to Section 1226(c)(1)(C). Even if Section 1226(c) applied, Petitioner asserted that his case is not distinguishable in any meaningful way from the case of *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005) in which the Court of Appeals concluded that detention of two years and eight months was not within the authority conferred by Section 1226(c).

On March 5, 2007, Respondents filed a Return in Opposition to the Petition for Writ of Habeas Corpus. (Doc. # 6.)

On May 22, 2007, this Court filed an order stating in part:

> Petitioner is held under the detention provisions of 8 U.S.C. § 1226(c)(1)(C) which provides that "the Attorney General shall take into custody an alien who - is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year." The documents submitted in this case do not establish that Petitioner has been "sentenced to a term of imprisonment of at least 1 year." 8 U.S.C. § 1226(c)(1)(C). Respondent has not established that 8 U.S.C. § 1226(c)(1)(C) authorizes the mandatory detention of the Petitioner. Based upon the record in this case, Petitioner is entitled to a release hearing pursuant to the provisions of 8 U.S.C. § 1226(a).
> IT IS HEREBY ORDERED that the Petition for Habeas Corpus is granted as follows: Respondents shall provide a release hearing to Petitioner pursuant to the provisions of 8 U.S.C. § 1226(a) within 10 days of the date of this order. The Court appoints the Federal Defender as counsel for Petitioner for the sole purpose of representation in this habeas action. Respondents shall file a status report in this case within 20 days of the date of this order. This case will remain open pending further order of this Court.

(Doc. #19 at 6.)

On May 29, 2007, the Board of Immigration Appeals granted Petitioner's motion to reopen his immigration case and remanded proceedings to the immigration court. (Doc. # 22, Exhibits 70-71.)

On May 29, 2007, the Immigration Judge held a release hearing. The Immigration Judge informed counsel for the Petitioner that "the District Court appeared to be unaware that the basis for the Court's mandatory custody finding of January 9, 2004 was premised upon the representations . . . that [Petitioner] was convicted for possession of drug paraphernalia in 2003." (Doc. # 27, Exhibit at 5.) The release hearing was continued to June 6, 2007 to allow

briefing by the parties.

At the June 6, 2007 hearing, the Immigration Judge reviewed the following facts :1) that on January 9, 2004 a determination was made at a bond hearing for Petitioner that his drug related conviction [January 28, 2003 in San Diego Superior Court for Possession of Drug Paraphernalia in violation of California Health and Safety Code Section 11364] qualified as a deportable offense relating to a controlled substance resulting in the mandatory custody provisions of 8 U.S.C. § 1226(c)(1)(B); 2) that on January 23, 2004, the Immigration Judge found that Petitioner qualified for "automatic citizenship" pursuant to the provisions of 8 U.S.C. § 1432 terminating the removal proceedings; and 3) that on February 6, 2004, the Immigration Judge vacated the order terminating the removal proceedings finding that Petitioner failed to qualify for citizenship resulting in the order of removal.  The Immigration Judge advised the parties that Petitioner's "September 29, 2000 conviction for receiving stolen property was not the basis for a finding of mandatory custody pursuant to Section 236(c) of the Act; 8 U.S.C. 1226(c)."  The Immigration Judge explained that it was [Petitioner's] "2003 conviction for possession of drug paraphernalia that triggered the mandatory custody provisions of Section 236(c)(1)(B) of the Act; 8 U.S.C. 1226(c)(1)(B)."  (Doc. # 27, Exhibit at 5.)  The Immigration Judge concluded that "the mandatory custody order of January 9, 2004 was legally sufficient when entered and was sufficient to hold [Petitioner] during the pendency of removal proceedings. . . . however, in light of [Petitioner's] prolonged period of detention in excess of three years and seven months, valid issues relevant to the continuing applicability of the mandatory custody provisions . . . have been raised."  (*Id.* at 6.)  The Immigration Judge reviewed the court decisions in *Demore v. Kim*, 538 U.S. 510 ( 2003) and *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005) and entered the following findings and conclusions:

> [Petitioner] has been incarcerated for more than 3 years and 7 months.  The delays in [Petitioner's] case have not been caused by [Petitioner's] efforts to engage in tactics that are intended to stall a determination of issues relevant to his removal from the United States.  Without addressing this Court's assessment of [Petitioner's] success in challenging his removal,  [Petitioner] has raised substantial issues against his removal that have been adjudicated by this Court and the Board of Immigration Appeals.  A final determination of [Petitioner's] removal case has been delayed at no fault of [Petitioner].  A number of jurisdictional errors were triggered when the Board failed to enter DHS's February 20, 2004 appeal into its electronic docketing system.  It appears that

DHS then failed to withdraw that appeal once the Court had granted DHS counsel's motion to reconsider on March 10, 2004.

[Petitioner's] case has been returned to this Court for the entry of a new decision on the merits of [Petitioner's] derivative claim. That determination will include evidence [Petitioner] has produced for the first time on appeal as well as an analysis of [Petitioner's] claim in light of the Ninth Circuit's holding in *Minasyan v. Gonzales*, 401 F.3d 1069 (9th Cir. 2005). Assuming the Court expects to complete [Petitioner's] removal proceedings within 90 days, an adverse decision on [Petitioner's] derivative citizenship claim preserves [Petitioner's] right to administrative and judicial review of any removal order. Were [Petitioner] to pursue all legal remedies, his case would not be completed within the next year.

Under these circumstances, the Court finds that [Petitioner's] continued detention is unjustified and unreasonable. Due Process required that [Petitioner] be provided this custody review hearing where [Petitioner] is entitled to a determination regarding the amenability for release. For purposes of making such a determination DHS is required to provide evidence that [Petitioner] is a flight risk or a danger to the community.

(Doc. #27 Exhibit at 8.) The Immigration Judge concluded that Petitioner is not a flight risk and that Petitioner's crimes "are not so serious that the Court can find that [he] is a danger to the community and will continue to commit crimes if released on bond." The Immigration Judge "ORDERED that [Petitioner] is hereby released from the custody of the Department of Homeland Security upon the posting of a $7,000 bond." (*Id*. at 9.)

Respondent filed an appeal from the June 6, 2007 decision of the Immigration Judge to the Bureau of Immigration Appeals in which Respondents assert that Petitioner is subject to mandatory detention and that the Immigration Judge relied upon *Tijani* in error. (Doc. # 24 Exhibit A.)

Counsel for Petitioner states as follows in her declaration:

Following the immigration judge's order setting a $7,000 cash bond, Mr. Macalma's father, Benjamin Macalma attempted to obtain the bond amount. I am informed by Benjamin Macalma that he is currently working as a security guard and has two young children. Benjamin Macalma has informed me that he cannot make the $7,000 cash bond.

Soon after I was informed by Mr. Macalma's father than (sic) he could not make the $7,000 cash bond, I contacted the immigration court to get a bond redetermination hearing so that the bond amount could be lowered. The immigration judge, however, indicated – both over the telephone and during a removal hearing for Mr. Macalma – that she does not have jurisdiction over the bond issue because the issue has been taken up to the BIA by the DHS. On Mr. Macalma's behalf, I subsequently filed a Motion for a Bond Redetermination with the immigration court providing legal support regarding the court's jurisdiction over bond predeterminations. The immigration judge has not ruled

1    on Mr. Macalma's motion.

2    Although recognizing that DHS challenges the application of *Tijani v. Willis*,
     430 F.3d 1241 (9th Cir. 2005), I previously contacted the DHS counsel, Karri
3    Harlin, to determine whether she would agree to a lower bond amount.  Ms.
     Harlin indicated that the government would not agree to a lower amount because
4    of DHS's appeal to the BIA.

5    Following the August 21, 2007 status hearing before this Court, upon
     recommendation of Mr. Samuel Bettwy, the Assistant United States Attorney
6    assigned to this matter, I wrote to Mr. Macalma's deportation officer, Stephanie
     Valdez, requesting that she consider a lower bond amount. ...
7
     On September 5, 2007, Mr. Bettwy informed me that the deportation officer has
8    denied the request.

9    (Doc. # 35-3 at 2-3.)

10        On September 5, 2007, Petitioner filed the motion for release upon appropriate

11   conditions of supervision pending before this Court

12        On September 14, 2007, Respondent filed a Response to Petitioner's motion.

13        On September 17, 2007, Petitioner filed a Reply to Respondent's Response.

14                        **CONTENTIONS OF THE PARTIES**

15        Petitioner contends that his continued detention without bond redetermination amounts

16   to a denial of the habeas relief previously granted by this Court on May 22, 2007.  Petitioner

17   asserts that this Court should now issue an order releasing him under appropriate conditions

18   of supervision without bond.  Petitioner contends that he has filed a motion for bond

19   redetermination with the Immigration Judge and that he has specifically addressed the issue

20   of jurisdiction with the Immigration Judge.  Petitioner contends that the Immigration Judge

21   does not lose jurisdiction over the redetermination of the bond amount even though there is an

22   appeal pending to challenge the granting of bond.  Petitioner contends that he should not be

23   forced to wait an indefinite amount of time for the Immigration Judge to make further

24   determinations regarding his current detention.  Petitioner contends that this Court has

25   continuing jurisdiction over his claim that due process requires his release under reasonable

26   conditions pending resolution of his immigration proceedings.

27        Respondent contends that this District Court does not have jurisdiction pursuant to 28

28   U.S.C. § 2241to stand in the place of the Immigration Judge.  Respondent contends that habeas

jurisdiction is limited to persons in custody in violation of the Constitution or laws of the United States and does not extend to discretionary decisions made by the executive branch and that Petitioner must exhaust his available administrative remedies by appealing to the Bureau of Immigration Appeals.

## CONCLUSION

The Order of this Court filed on May 22, 2007 granted Petitioner's writ of habeas corpus and required Respondents to provide a release hearing to Petitioner. Pursuant to the Order of this Court, a release hearing was held before an Immigration Judge. At the release hearing, the Immigration Judge concluded that ". . . in light of [Petitioner's] prolonged detention in excess of three years and seven months, valid issues relevant to the continuing applicability of the mandatory custody provisions . . . have been raised." (Doc. #27 Exhibit at 6.) The Immigration Judge relying upon *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005)[1] found that Petitioner's "continued detention is unjustified and unreasonable." (Doc. #27 Exhibit at 8.) The Immigration Judge found that Petitioner was not a flight risk or a danger to the community and ordered Petitioner's release upon the posting of $7,000 bond. Petitioner cannot pay the bond and Petitioner's motion for redetermination of the bond amount remains pending before the Immigration Judge.[2]

In *Gutierrez-Chavez v. I.N.S.,* 298 F.3d 824 (9th Cir. 2002), the Court of Appeals concluded that the Petitioner was not entitled to challenge the manner in which the BIA exercised its discretion in denying Petitioner's request for a waiver of deportation under INA Section 212(c) in a petition for habeas corpus under 28 U.S.C. Section 2241. The Court of Appeals stated "[w]e hold that 28 U.S.C. § 2241 does not allow us, in the absence of constitutional or statutory error, to second-guess the manner in which the INS chooses to exercise the discretion given it by statute." *Id*. at 827. The Court explained that "§2241 does

---

[1]After the remand in *Tijani*, this Court released Tijani without a bond under supervised release pursuant to the stipulation of the Respondent.

[2] According to the applicable regulations, Petitioner has administrative remedies he may pursue if he is dissatisfied with the "custody determination [by the DHS] . . . including the setting of a bond" and/or the "the terms of his release." 8 C.F.R. § 1236.1(d).

not say that habeas is available to challenge purely discretionary (yet arguably unwise) decisions made by the executive branch that do not involve violations of the Constitution or federal law." *Id*. at 828.

In this case, Petitioner remains in custody and continues to challenge the legality of his confinement under 28 U.S.C. Section 2241.  Petitioner continues to assert that his lengthy detention is not authorized under any statute and violates the Due Process Clause of the United States Constitution.  At the release hearing, the Immigration Judge agreed with the Petitioner that his continued detention is unjustified and unreasonable.  Petitioner's claim that he should be released in this habeas action continues to be based upon statutory and constitutional error and does not challenge a discretionary decision to hold him in custody.  "28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution, or laws, or treaties of the United States.'" *Magana-Pizano v. INS*, 200 F.3d 603, 609 (9th Cir. 1999) (quoting 28 U.S.C. Section 2241.)

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available . . . administrative remedies before seeking relief under § 2241." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001) (citing *U.S. v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)).  However, "exhaustion is not a jurisdictional prerequisite of § 2241." *Rivera v. Ashcroft*, 394 F.3d 1129, 1139 (9th Cir. 2005) (internal quotations omitted).  In *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990)), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, --- U.S. ----, 126 S. Ct. 2422 (2006), the Court of Appeals held that a petitioner's failure to exhaust his administrative remedies before pursuing habeas review "does not divest us of jurisdiction," and "[w]here exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the administrative remedies before proceeding in court." *Id*.  In this case, Respondent has had an ample opportunity to act upon Petitioner's motion for bond redetermination and Petitioner remains in custody.[3]  The record before the Court shows that

---

[3] Petitioner's motion for redetermination of bond amount was filed with the Immigration Court on August 22, 2007.

Petitioner has pursued his available administrative remedies to contest the bond determination by the Immigration Judge. The writ of habeas corpus is intended to be a "swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400, 83 S.Ct. 822, 828 (1963); *see Young v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000) (quoting *Jones v. Shell,* 572 F.2d 1278, 1280 (8th Cir. 1978)) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if . . . trial courts do not act within a reasonable time.").

After three years and ten months in custody, Petitioner's immigration case remains pending before the Immigration Judge in the administrative proceedings. The resolution of Petitioner's immigration proceedings is not imminent. Because Petitioner is unable to meet the cash bond, Petitioner continues to face a lengthy and indefinite detention pending the resolution of his immigration proceedings.

On June 6, 2007, the Immigration Judge correctly found that Petitioner's continued detention was "unjustified and unreasonable" in light of the holding in *Tijani* that "the authority of the Attorney General to detain pursuant to 1226(c) applies to the 'expedited' removal of criminal aliens." Doc. 27-2 at 8. Petitioner in this case has been incarcerated for three years and ten months. Four months ago, the Immigration Judge found that Petitioner was not a flight risk or a danger to the community. The Court finds that under the facts of this case, Petitioner's continued detention is not authorized by statute. *See Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005).

IT IS HEREBY ORDERED that Petitioner's Motion for Release under an Order of Supervision (Doc. #35) is granted. The Immigration Judge shall set appropriate conditions of supervision forthwith.

DATED: September 26, 2007

**WILLIAM Q. HAYES**
United States District Judge